■ In the Matter of MARSHALL G. GOLAN, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents. [599 NYS2d 752] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice dentistry in New York.

On or about August 13, 1990, the Education Department's Office of Professional Discipline charged petitioner, a licensed dentist, with four specifications of misconduct. Specifically, petitioner was charged with performing treatment that was not warranted by the patient's condition *(see,* 8 NYCRR 29.2 [a] [7]), performing treatment that was not authorized by the patient *(see,* 8 NYCRR 29.1 [b] [11]), and practicing the profession with gross negligence and gross incompetence *(see,* Education Law § 6509 [2]).* The charges stemmed from petitioner's allegedly unauthorized performance of root canal therapy on patient M.L.

Following an administrative hearing, the Hearing Panel found that both patient M.L. and his mother explicitly instructed petitioner not to proceed with any root canal procedures and, therefore, found petitioner guilty of performing

* The first specification, performing treatment that was not warranted by the patient's condition, was subsequently withdrawn, as were so much of specifications three and four, practicing the profession with gross negligence and gross incompetence, as relied upon the factual allegations supporting specification one.

treatment not authorized by the patient and, based upon the same facts, practicing the profession with gross negligence. As to penalty, the Hearing Panel recommended, *inter alia,* that petitioner be fined $5,000 and his license to practice be suspended for one year upon each of the charges, nine months stayed, with said suspensions and fines to run concurrently. The Regents Review Committee thereafter accepted the Hearing Panel's findings but modified its determination and recommended that petitioner only be found guilty of performing treatment that was not authorized by patient M.L. and that petitioner be placed on probation for four months and fined $2,000. Respondent Board of Regents found petitioner guilty, by a preponderance of the evidence, of performing treatment that was not authorized and, based upon a more serious view of the misconduct, suspended petitioner's license to practice dentistry for one year, with nine months of said suspension stayed, and imposed a fine of $2,000. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the final administrative determination.

Initially, we reject petitioner's contention that 8 NYCRR 29.1 (b) (11), which defines professional misconduct as "performing professional services which have not been duly authorized by the patient or client or his or her legal representative", was promulgated in excess of the authority conferred upon the Board of Regents by Education Law § 6509 (9). We similarly reject petitioner's assertion that the determination of his guilt by a preponderance of the evidence is not supported by substantial evidence in the record *(see generally, Matter of De Paula v Sobol,* 191 AD2d 822, 823; *Matter of Edelman v Sobol,* 174 AD2d 896, 897, *appeal dismissed* 78 NY2d 1006). Although patient M.L. apparently executed a consent form during the initial office visit permitting petitioner and his staff to perform "such procedures and treatments as they may deem necessary in the course of [patient M.L.'s treatment], including * * * dental operating procedures", and acknowledged that petitioner advised him that he might need a root canal on tooth No. 31, both patient M.L. and his mother testified that they clearly indicated to petitioner that he was not to perform a root canal on patient M.L. Patient M.L. further testified that upon his return visit to petitioner's office, he confirmed that petitioner was simply going to clean his teeth and fill two cavities, and patient M.L.'s mother stated that she told petitioner that he could fill two cavities but that he was not to undertake any extensive treatment. The record indicates that petitioner filled two

cavities but then proceeded to excavate tooth No. 31, which ultimately required a root canal. The testimony offered by patient M.L. and his mother provides substantial evidence to support the determination of guilt, and petitioner's testimony to the contrary merely presented a credibility issue which the Board of Regents was free to resolve against him *(see, Matter of Bassim v Sobol,* 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Rojas v Sobol,* 167 AD2d 707, 709, *lv denied* 77 NY2d 806).

As to penalty, it is well settled that "[i]n reviewing the propriety of [professional] discipline, we are restricted to determining only whether the penalty is so incommensurate with the offense as to shock one's sense of fairness" *(Matter of D'Amico v Commissioner of Educ. of State of N. Y.,* 167 AD2d 769, 771). Based upon our review of the record as a whole, we see no reason to disturb the penalty imposed. We have examined petitioner's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.