■ In the Matter of JAMES T. RINE, Petitioner, v CITY OF SHERRILL et al., Respondents. [600 NYS2d 592] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner contends that respondent Silsby's determination in this Civil Service Law § 75 proceeding was not supported by substantial evidence. We disagree. A rational basis for respondent's findings is found in the record, and therefore his determination is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182).

We also find no merit to petitioner's contention that his due process rights were violated by the fact that the City Attorney was the removing party's attorney and also the prosecuting attorney *(see, Anderson v Dolce,* 653 F Supp 1556; *see generally, Withrow v Larkin,* 421 US 35, 58).

Petitioner further contends that respondent's determination must be annulled because his due process rights were violated by the removing officer's refusal to recuse himself. He asserts that the removing officer's decision was influenced by public officials and community feeling. That assertion is insufficient to overcome the presumption of integrity of those serving as adjudicators and to establish a violation of petitioner's due process rights *(see, Hortonville Dist. v Hortonville Educ. Assn.,* 426 US 482, 493; *Withrow v Larkin, supra,* at 47-55; *Matter of Warder v Board of Regents,* 53 NY2d 186, 197-198, *cert denied* 454 US 1125; *Matter of Grant v Senkowski,* 146 AD2d 948, 949-950).

Petitioner also asserts that the penalty of dismissal was excessive. Because petitioner was found guilty of charges involving deceitful actions, interfering with a police investigation, and causing a negative impact upon the integrity of the department, the punishment of dismissal is not so disproportionate as to be shocking to one's sense of fairness *(see generally, Matter of Alfieri v Murphy,* 38 NY2d 976, 977; *Matter of Pagan v Brown,* 176 AD2d 690, *lv denied* 79 NY2d 754; *Matter of Freyre v Ward,* 161 AD2d 349).

We have reviewed petitioner's remaining contentions and find them to be without merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Grow, J.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.