■ In the Matter of ANDRE JEAN-BAPTISTE, Petitioner, v THOMAS SOBOL, as Commissioner of Education, et al., Respondents. [619 NYS2d 355] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law

former § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York.

Following an administrative hearing, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter Committee) sustained 37 specifications of professional misconduct against petitioner, a licensed physician, stemming from his treatment of seven patients. The Committee recommended that petitioner's license be suspended for 10 years, with the suspension stayed upon petitioner meeting certain specified terms. The Commissioner of Health recommended that the Committee's findings and conclusions be accepted but recommended that petitioner's license be revoked.

The Regents Review Committee (hereinafter RRC) found that the specifications charging petitioner with negligence on more than one occasion in regard to his treatment of six patients and unprofessional conduct for recordkeeping deficiencies in connection with seven patients should be sustained, but that the remaining specifications had not been established. Despite its findings, the RRC nevertheless concluded that the appropriate penalty was the revocation of petitioner's license. An order to that effect was entered by respondent Commissioner of Education and petitioner commenced this CPLR article 78 proceeding.

Petitioner's initial argument is that he was denied a fair hearing. He posits this argument on the fact that counsel for the Bureau of Professional Medical Conduct made allegedly prejudicial remarks in her opening statement and that a memorandum of an investigator, which the Administrative Law Judge ruled inadmissible because of its prejudicial effect, was marked for identification. He also claims it was prejudicial for the Committee and the RRC to draw an unfavorable inference from his failure to testify.

It is well established that an administrative determination may only be annulled where prejudice so permeates the underlying hearing as to render it unfair (see, Matter of Sowa v Looney, 23 NY2d 329, 335; Matter of Morfesis v Sobol, 172 AD2d 897, lv denied 78 NY2d 856; Matter of Rudner v Board of Regents, 105 AD2d 555). Here, petitioner's hearing was not so affected, given the fact that counsel's inappropriate remarks were not repeated (compare, Matter of Afif v Ambach, 134 AD2d 679). Moreover, the marking of the investigator's memorandum did not prejudice petitioner because it did not become part of the record nor did the RRC order that it be

submitted for its review. Lastly, we note that, if they did so, it was permissible for the Committee and the RRC to draw an adverse inference from petitioner's failure to testify *(see, Matter of Terra v Department of Health,* 199 AD2d 577; *Matter of DeBonis v Corbisiero,* 155 AD2d 299, *lv denied* 75 NY2d 709, *cert denied* 496 US 938).

Petitioner's final claim is that the revocation of his license is an excessive and unduly harsh penalty. The standard by which we measure the propriety of a penalty imposed upon a physician is whether it is so incommensurate with the offense as to shock one's sense of fairness *(see, Matter of Santasiero v Sobol,* 199 AD2d 835, *lv denied* 83 NY2d 754; *Matter of Golan v Sobol,* 195 AD2d 634, *lv denied* 82 NY2d 661). Considering that the specifications sustained against petitioner rest upon his repeated failure to elicit adequate medical histories from his patients, his failure to perform adequate physical examinations, and his failure to render appropriate follow-up procedures and evaluations, thereby exposing his patients to great risk, we do not view the revocation of petitioner's license to be an excessive or disproportionate penalty *(see, Matter of Matala v Board of Regents,* 183 AD2d 953).

We have not considered the other arguments raised in the petition as they were not pursued in petitioner's brief.

Cardona, P. J., Casey and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.