■ In the Matter of DONALD J. NENNO, Petitioner, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Respondents. [620 NYS2d 589] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which, *inter alia,* suspended petitioner's license to practice medicine in New York.

After a hearing, petitioner, an orthopedic surgeon, was found to have been grossly negligent in his treatment of two patients, to have practiced negligently on more than one occasion and to have failed to maintain adequate medical records; all of the events giving rise to the charges filed against him by respondent State Board for Professional Misconduct (hereinafter respondent) transpired during a brief period in 1985. Mindful of petitioner's unblemished career in the intervening years, a Hearing Committee for respondent recommended that his license be suspended for one year, with six months to be stayed on the condition that petitioner satisfactorily complete 90 hours of retraining, and two years' probation. An Administrative Review Board (hereinafter Board) upheld the Hearing Committee's findings and conclusions, and concurred in its disciplinary recommendation. Petitioner argues that the Board's decision must be annulled.

We disagree. As the hearing transcript discloses ample justification for the Hearing Committee's ultimate findings, the Board's decision affirming those findings cannot be said to be arbitrary, capricious or constitute an abuse of discretion *(see, Matter of Rudell v Commissioner of Health of State of N. Y.,* 194 AD2d 48, 50, *lv denied* 83 NY2d 754). Robert Leupold, the expert witness for respondent, testified that petitioner's actions or inaction, with respect to each of the three patients whose care was at issue—petitioner was found to have operated on the wrong hip of patient A, neglected to properly monitor and expeditiously treat patient B postoperatively for a vascular injury, and failed to timely debride an infection which developed following patient C's hip replacement—deviated from accepted standards. Leupold also detailed in precise respects how petitioner's care fell below the standard, and why a reasonable doctor would have responded differently given the circumstances at hand *(see, Matter of Gandianco v Sobol,* 171 AD2d 965, 966). While petitioner points to other evidence that might tend to support an inference that he acted reasonably, or to cast doubt on Leupold's

assessment, this presented a credibility question which the Hearing Committee was free to, and did, resolve in respondent's favor (see, Matter of Loffredo v Sobol, 195 AD2d 757, 759, lv denied 82 NY2d 658; Matter of Edelman v Sobol, 174 AD2d 896, 897, appeal dismissed 78 NY2d 1006).

It is evident from the record that the findings of misconduct were predicated solely on petitioner's failure to properly treat his patients and not, as petitioner suggests, on any uncharged conduct or on his demeanor while defending against the charges. As to the latter, it suffices to note that the Hearing Committee's reference to the fact that it considered petitioner's apparent lack of remorse in arriving at an appropriate penalty is not improper (see, Matter of Spero v Board of Regents, 158 AD2d 763, 764; Matter of Altschuler, 139 AD2d 311, 314). Moreover, given the leniency of the penalty actually imposed for these serious instances of misconduct (see, Matter of Stein v Board of Regents, 169 AD2d 857, 859, lv denied 77 NY2d 810, cert denied 502 US 938; Matter of Spero v Board of Regents, supra, at 764), it is apparent that his absence of contriteness, if that indeed was the case, had no significant effect on the resulting recommendation, which if anything resulted from the great weight the Hearing Committee placed on the fact that petitioner has had a good record in the intervening years (compare, Matter of Stein v Board of Regents, supra).

As for the several procedural irregularities which petitioner claims tainted the Hearing Committee's determination and deprived him of a fair hearing, they are insubstantial. Petitioner proffered no convincing proof of bias on the part of the Hearing Committee members (see, Matter of Warder v Board of Regents, 53 NY2d 186, 197, cert denied 454 US 1125; Matter of Major v Board of Regents, 160 AD2d 1041, 1043, lv denied 76 NY2d 705), and the fact that one member missed hearing a portion of the testimony, without more, does not equate to a denial of due process (see, Matter of Laverne v Sobol, 149 AD2d 758, 761, lv denied 74 NY2d 610).

Petitioner's remaining contentions have been considered and found to be either unpreserved for review or without merit.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.