■ In the Matter of BRIAN WEISS et al., Petitioners, v MARY HOLSTEIN, as Assistant to the Deputy Commissioner for Professional Responsibility, Respondent. [627 NYS2d 145] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which reprimanded, censured and fined petitioners for professional misconduct in practicing dentistry.

In October 1990, petitioner Brian Weiss, a dentist practicing privately in New York City, and Weiss' professional corporation, of which he is the sole stockholder, were served with a notice of hearing and statement of charges alleging nine specifications of professional misconduct. Petitioners were found guilty of three of the specifications designated "a", "c" and "e" charging, *inter alia,* that (1) in 1988, 1989 and 1990, petitioners mailed to 900 employees of Random House, Inc. and 1,500 employees of Conde Nast Publications (hereinafter collectively referred to as the companies) letters containing misleading statements and implying an affiliation between the

companies and petitioners' dental practice in violation of 8 NYCRR 29.1 (b) (12) (i) (a); (2) the letters stated that the employees' dental health insurance coverage applied "towards all other treatment that you require", when the dental health insurance coverage provided by the companies was subject to a number of limitations; and (3) the letters sent in 1990 to Conde Nast employees advised them that all of their 1990 dental health insurance benefits were still available to them, although petitioners could not have known if such information was true. All three charges alleged that by such conduct, petitioners had violated 8 NYCRR 29.1 (b) (12) (i) (a), that is, promoting advertising that is not in the public interest.

Following a hearing before an administrative hearing panel of the State Board for Dentistry (hereinafter the Hearing Panel), petitioners were each found guilty of the three specifications outlined above. The Hearing Panel imposed a penalty upon each petitioner of a reprimand, censure and fine of $200 for each specification, amounting to a total of $1,200 in fines.

Upon review of the Hearing Panel's determination, the Regents Review Committee (hereinafter the RRC) concluded that petitioners were not guilty of specification "e" and modified the sanctions by omitting the fines entirely, leaving the penalties of reprimand and censure intact.

Subsequently, respondent, as Assistant to the Deputy Commissioner for Professional Responsibility, issued an order adopting the RRC's finding of guilt against petitioners as to specifications "a" and "c", but modified the penalty by assessing a fine of $2,500 against each petitioner. This CPLR article 78 proceeding seeking judicial review followed.

Our review of the record supports the conclusion that the determination finding petitioners guilty of professional misconduct is supported by substantial evidence and should be confirmed. Contrary to petitioners' assertion that the standard of review applicable hereto is the arbitrary and capricious standard (see, CPLR 7803 [3]), we find the correct standard of review to be invoked in this case, involving a quasi-judicial hearing, is that of whether the determination under review is supported by substantial evidence in the record (see, Matter of Sabuda v New York State Educ. Dept., 195 AD2d 837, 838; Matter of Golan v Sobol, 195 AD2d 634, 635, lv denied 82 NY2d 661).

Petitioners' argument that the proof that the letters were misleading was insufficient to support the determination, because it was based on the impression of the individuals who

read and interpreted them, is not persuasive. Here, the actual letters were introduced into evidence for evaluation by the Hearing Panel. Thus, the Hearing Panel had before it objective probative evidence upon which to base a common-sense evaluation of the contents of the letters, which it found to constitute sufficient evidence to support a finding of guilt against petitioners. Further, the testimony of the individuals who received the letters and found them to be misleading was also probative on this issue (see, *Matter of Callahan v University of State of N. Y.*, 129 AD2d 241, 243-244).

Petitioners' argument, that because they used the same language as the companies had used in describing their dental health insurance coverage, use of that language cannot rationally be found to have been misleading, is rejected. In describing the coverage provided by their dental health insurance plans, the companies explained the limits of the coverage and provided a detailed list of the services which would and would not be covered. Petitioners' letters did not mention what services would not be covered by insurance, thereby falsely implying that all services rendered by them would be covered. Such statements were properly found to constitute the communication of misinformation by petitioners. We conclude that the determination finding petitioners guilty of promoting advertising that is not in the public interest should be confirmed (see, 8 NYCRR 29.1 [b] [12] [i] [a]).

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.