■ In the Matter of ANGEL MARTINEZ-URRUTIA, Petitioner, v DANIEL W. SZETELA, as Deputy Commissioner of Education, Respondent. [628 NYS2d 202] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which revoked petitioner's license to practice psychology in New York.

After hearing testimony from one of petitioner's former patients (hereinafter H.F.), petitioner and his wife, a panel of the State Board of Psychology (hereinafter the Hearing Panel) found petitioner guilty of two specifications of misconduct as a result of his having become involved in a sexual relationship with H.F. while she was his patient (*see,* 8 NYCRR 29.1 [b] [5]; 29.12 [a] [2] [i]; *cf., Matter of De Paula v Sobol,* 191 AD2d 822, 824). Four of the five panel members recommended revocation of petitioner's license as the appropriate penalty. The Board of Regents, with modifications, accepted the findings and recommendation of its Review Committee, which found H.F.'s testimony more credible than that of petitioner and his wife, adjudged petitioner guilty of the same improper conduct, and also recommended revocation. Petitioner thereafter commenced this proceeding seeking annulment of the resulting determination by respondent.

Petitioner cannot prevail in his contention that respondent's determination is without basis in the record, for the testimony of H.F., when credited, provides ample support for the findings upon which the determination is premised. The sharp conflicts between her testimony and that of petitioner merely presented a credibility question, the resolution of which comes within respondent's purview and is beyond the scope of our review

(*see, Matter of Block v Ambach*, 73 NY2d 323, 335; *Matter of Bassim v Sobol*, 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Hirose v Sobol*, 167 AD2d 570, 571).

Nor has petitioner demonstrated that the purported bias of the chairperson of the Hearing Panel, stemming from his disapproval of petitioner's disclosure of personal information to patients (a practice apparently utilized by some psychologists and eschewed by others, who believe it to be inappropriate), or the Hearing Panel's alleged reliance on the chairperson's statements that "research data" confirmed a connection between such disclosure and the subsequent development of a sexual relationship between doctor and patient, so infected the proceeding as to warrant a new hearing (*see, Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Amarnick v Sobol*, 185 AD2d 485, 486). Significantly, the Board of Regents expressly rejected the Hearing Panel's findings with respect to petitioner's disclosure to H.F. and disavowed any reliance upon the unidentified "research data", predicating its determination instead solely on H.F.'s testimony, finding it more credible than that of the other witnesses. Thus, even if the claimed bias colored the Hearing Panel's perceptions, the Board plainly made an independent decision that was based on its own review of the evidence, untainted by the alleged prejudice (*cf., Matter of Carrera v Sobol*, 163 AD2d 706, 708, *affd* 77 NY2d 931; *Matter of Cerminaro v Board of Regents*, 120 AD2d 262, 264).

Also untenable is petitioner's assertion that the Administrative Law Judge erred when he allowed into evidence a letter written by H.F., wherein she recounted an incident in which petitioner's wife came into petitioner's office and found him embracing H.F. It is an established principle that the rules of evidence need not be strictly observed in a proceeding of this type (*see, Matter of Rojas v Sobol*, 167 AD2d 707, 708, *lv denied* 77 NY2d 806; *Matter of Diamond v Sobol*, 145 AD2d 786, 787). Furthermore, given the circumstances under which the letter was admitted—it was proffered to rebut an inference raised by petitioner, on cross-examination, that H.F. had recently fabricated the occurrence—and on reviewing the record as a whole, it cannot be said that its receipt deprived petitioner of a fair hearing (*see, Matter of Morfesis v Sobol*, 172 AD2d 897, *lv denied* 78 NY2d 856; *Matter of Damino v Board of Regents*, 124 AD2d 271, 272, *lv denied* 70 NY2d 613).

Petitioner's remaining arguments, including that addressed to the propriety of the penalty, have been considered and found meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.