■ In the Matter of CARL BALMIR, Petitioner, v BARBARA DE-BUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [655 NYS2d 113] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner is a general practitioner and internist licensed to practice medicine in New York since 1983. In April 1994, the Bureau of Professional Medical Conduct charged petitioner with 19 specifications of misconduct, including negligence on more than one occasion (*see*, Education Law § 6530 [3]), ordering unnecessary tests or treatment (*see*, Education Law § 6530 [35]) and failing to maintain adequate records (*see*, Education Law § 6530 [32]), all stemming from petitioner's treatment of nine patients at a medical practice known as "Doctors Office" between June and November 1988. Following a hearing, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Hearing Committee) found petitioner guilty of each of the charges and imposed the penalty of revocation of petitioner's license to practice medicine in New York. In essence, the Hearing Committee found that, after failing to review the patients' records concerning previous treatments, if any, performing very cursory (or no) physical examinations, making terse, incomplete and often illegible notations of physical findings, which were strikingly uniform among the nine patients, petitioner prescribed drugs that were inconsistent with the noted physical findings and, in fact, ordered refills of prescriptions for patients on the mere basis of

their production of an empty medication bottle and statement that another physician had given them the prescription. Following administrative appeal, respondent Administrative Review Board for Professional Medical Conduct sustained the Hearing Committee's findings of guilt and penalty, a determination now challenged in this CPLR article 78 proceeding.

Initially, we reject petitioner's primary contention, that in the absence of the fundamental due process protection of notice in the statement of charges, he was tried on and found guilty of charges that he was involved in a fraudulent and criminal "kick-back" scheme with a local pharmacy. In sharp contrast to petitioner's extravagant claims that these uncharged specifications of fraud constituted "the very heart and essence of the case", our review of the record discloses nothing more than a number of overzealous and concededly inappropriate comments or remarks by counsel for the Office of Professional Medical Conduct. Nonetheless, the "remarks" were just that—statements by the administrative prosecutor that did not constitute evidence and neither formed the basis for any of respondents' findings of fact nor had any apparent impact on the outcome of the proceedings (see, Matter of Chace v De-Buono, 223 AD2d 961; Matter of Nenno v State of New York Dept. of Health, 210 AD2d 827; Matter of Jean-Baptiste v Sobol, 209 AD2d 823; cf., Matter of Hynes v Axelrod, 116 AD2d 830). Notably, petitioner was not found guilty of practicing the profession fraudulently or willfully making a false report. To the contrary, all of the findings of guilt related to the negligent practice of medicine, the ordering of unnecessary tests or treatment or the failure to maintain adequate records. Under the circumstances, we conclude that the resulting prejudice to petitioner, if extant, by no means "so permeate[d] the underlying hearing as to render it unfair" (Matter of Jean-Baptiste v Sobol, supra, at 824).

We are also unpersuaded by the claims that respondents' findings were lacking in a rational basis supported by fact (see, Matter of Chua v Chassin, 215 AD2d 953, 954-955, lv denied 86 NY2d 708; Matter of Moss v Chassin, 209 AD2d 889, 891, lv denied 85 NY2d 805, cert denied 516 US 861). To the contrary, the evidence of petitioner's guilt, provided by respondents' expert witness, the records of petitioner's examination and treatment of the nine subject patients and petitioner's own testimony, was very strong. The scant contrary evidence seized upon by petitioner merely raised an issue of credibility that respondents resolved against him (see, Matter of Block v Ambach, 73 NY2d 323, 335). Finally, we view the

penalty of revocation as by no means "so incommensurate with the offense as to shock one's sense of fairness" (*Matter of Adler v Bureau of Professional Med. Conduct*, 211 AD2d 990, 993; *see, Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 937, *lv dismissed* 88 NY2d 1052).

White, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.