■ In the Matter of GERARD SUNNEN, Petitioner, v ADMINISTRATIVE REVIEW BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [666 NYS2d 239] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which revoked petitioner's license to practice medicine in New York.

Following a fact-finding hearing, a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the

Committee) sustained four of nine specifications of misconduct alleged against petitioner, a licensed psychiatrist, relating to his treatment of two patients. Specifically, the Committee found petitioner guilty of negligence, engaging in sexual conduct with a patient, moral unfitness and failure to maintain accurate records. The Committee revoked petitioner's medical license. Upon appeal to respondent, these four findings of misconduct were sustained and petitioner was also found guilty of two additional specifications—gross negligence and fraudulent practice. Respondent sustained that portion of the penalty that revoked petitioner's license and further ordered petitioner to pay $20,000 in fines. Petitioner commenced this CPLR article 78 proceeding to review respondent's determination.

We confirm. Petitioner offered no convincing proof of bias on the part of one of the Committee members (see, *Matter of Warder v Board of Regents*, 53 NY2d 186, 197, *cert denied* 545 US 1125; *Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861; *Matter of Major v Board of Regents*, 160 AD2d 1041, 1043, *lv denied* 76 NY2d 705). According to petitioner, he had an acrimonious relationship with this member nearly two decades ago. Petitioner claims that this member interviewed him for an employment position at which time the two were antagonistic. According to petitioner, after he accepted the position, the two men apparently encountered one another at monthly meetings and their relationship was "cold". The Committee member, however, had no recollection of ever interviewing petitioner and actually questioned whether he would have been in a position to conduct such an interview within the time period alleged. While the member acknowledged that the two may have worked in the same department 20 years earlier, he denied any significant professional contact with petitioner. He twice denied having any bias against petitioner or a predisposition for or against him (see generally, *Matter of Reisner v Board of Regents*, 142 AD2d 22, 28-29). To this Committee member, petitioner was a "stranger".

Merely alleging bias is not sufficient to set aside an administrative determination (see, *Matter of Moss v Chassin*, *supra*, at 890). Rather, the party alleging bias must set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it (see, *id.*; *see also*, *Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834, *amended* 74 NY2d 942; *Matter of Warder v Board of Regents*, *supra*, at 197). Here, despite allegations of a past acrimonious relationship, petitioner failed to demonstrate that

this Committee member's alleged bias infected the Committee or respondent itself (*see, Matter of Moss v Chassin, supra*) or was the cause of the adverse determination (*see generally, Matter of Daxor Corp. v State of New York Dept. of Health*, 90 NY2d 89, 101). Nor did petitioner overcome the presumption of honesty and integrity accorded to administrative body members (*see, id.; Matter of Rine v City of Sherrill*, 195 AD2d 961, *lv denied* 82 NY2d 660). In short, we are unpersuaded that petitioner's right to a fair hearing and due process were violated.

We are also unpersuaded by petitioner's contention that he was denied due process when the Administrative Law Judge refused to adjourn the hearing on the last scheduled date to permit him to secure witnesses who would testify as to collateral matters. Only in the event that an erroneous evidentiary ruling renders the entire proceeding fundamentally unfair will such ruling warrant annulment of an administrative determination (*see, Matter of Gonzalez v New York State Dept. of Health*, 232 AD2d 886, *lv denied* 90 NY2d 801; *Matter of Morfesis v Sobol*, 172 AD2d 897, *lv denied* 78 NY2d 856). Petitioner has not demonstrated that such is the case here given the collateral and/or irrelevant nature of the evidence excluded. Further, we note that petitioner had almost a month to secure the intended witnesses.

Given the evidence that petitioner engaged in sexual relations with two psychiatric patients (telling one patient that a sexual relationship would "enhance" her therapy), cavalierly and improperly prescribed several medications to these patients for several years despite signs of addiction, provided them with alcohol and in fact encouraged their alcohol consumption while medicated as well as failed to maintain records of their treatment, we are eminently satisfied that the punishment imposed was not disproportionate to the offenses or shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We have reviewed petitioner's remaining contention and reject it as meritless.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.