■ In the Matter of MOON HO HUH, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH, BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [681 NYS2d 872] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a deter-

mination of the Administrative Review Board for Professional Medical Conduct which, *inter alia*, revoked petitioner's license to practice medicine in New York.

Petitioner is an anesthesiologist who operated an outpatient ambulatory clinic in Queens County. In July 1996, he was charged by respondent with 30 specifications of professional misconduct in connection with the operation of the clinic and the treatment of various patients. The charges alleged that petitioner, *inter alia*, employed unqualified and unlicenced individuals in the operation of the clinic, failed to document patients' anesthesia histories, failed to take and record patients' weights and failed to properly document patients' vital signs prior to surgery. Furthermore, the statement of charges alleged that petitioner inadequately monitored patients' vital signs in the recovery room, failed to keep adequate or accurate patient records, knowingly falsified patient records and falsely billed for anesthesia services.

Following a hearing, a Hearing Committee of respondent found petitioner guilty of fraudulent practice, negligence on more than one occasion, permitting unlicenced persons to perform activities requiring a trained professional and delegating professional responsibilities to unqualified individuals. The Hearing Committee found the appropriate penalty to be revocation of petitioner's license. On appeal, the Administrative Review Board for Professional Medical Conduct (hereinafter ARB) sustained the Hearing Committee's findings, but modified its determination to the extent of making an additional finding that petitioner practiced gross negligence with respect to one patient and failed to maintain accurate patient records. The ARB sustained the penalty of license revocation resulting in this CPLR article 78 proceeding.

Petitioner asserts, *inter alia*, that the penalty imposed was arbitrary, capricious and unduly harsh. We disagree. The fact that petitioner's acts and omissions did not cause any actual harm to his patients does not render the penalty excessive (*see, Matter of Carloni v DeBuono*, 245 AD2d 970, 972). Revocation of a physician's license has been found an appropriate penalty for fraudulent conduct (*see, Matter of Glassman v Commissioner of Dept. of Health of State of N. Y.*, 208 AD2d 1060, 1061, *lv denied* 85 NY2d 801). This record amply supports the ARB's finding that petitioner engaged in fraudulent practices as well as numerous other acts of misconduct in operating the clinic. Although petitioner claims that more lenient penalties have been imposed upon physicians for similar types of misconduct in other cases (*see, e.g., Matter of Nenno v State of*

*N. Y. Dept. of Health*, 210 AD2d 827; *Matter of Revici v Commissioner of Educ. of State of N. Y.*, 154 AD2d 797), this does not require a reduction of the penalty imposed here since each case must be judged on its own facts and circumstances (*see, Matter of Bezar v DeBuono*, 240 AD2d 978, 979; *Matter of Gonzalez v N. Y. State Dept. of Health*, 232 AD2d 886, 890, *lv denied* 90 NY2d 801). Given the multiple acts of misconduct committed by petitioner and his disregard for the safety of his patients, we do not find the penalty of revocation shocking to this Court's sense of fairness (*see, Matter of Carloni v DeBuono, supra,* at 972). Lastly, inasmuch as petitioner is not an alternative medicine practitioner, we reject his contention that Education Law § 6527 (4) (e) insulates him from disciplinary action.

Mercure, White, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.