■ In the Matter of JAY S. SAUNDERS, Petitioner, v ADMINISTRATIVE REVIEW BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [695 NYS2d 778] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of respondent which, *inter alia*, suspended petitioner's license to practice medicine in New York.

Petitioner has practiced pediatric medicine in New York since May 1987. As the result of an investigation by the Bureau of Professional Medical Conduct (hereinafter BPMC), petitioner was charged with numerous specifications of professional misconduct involving his treatment of five patients (hereinafter patients A, B, C, D and E) between December 1989 and November 1993. In particular, the BPMC charged petitioner with, *inter alia*, performing unnecessary tests (Education Law § 6530 [35]), engaging in fraudulent or deceptive advertising (Education Law § 6530 [27] [a]), practicing with negligence on more than one occasion (Education Law § 6530 [3]), fraudulent practice (Education Law § 6530 [2]) and failing to maintain accurate patient records (Education Law § 6530 [32]).

Following the presentation of evidence, a Hearing Committee for the State Board of Professional Medical Conduct (hereinafter the Committee) sustained some of the charges. Specifically, the Committee found that petitioner engaged in fraudulent advertising and failed to maintain accurate records for certain patients. It further determined that petitioner practiced with negligence on more than one occasion and performed unnecessary tests in his treatment of certain patients. The Committee, *inter alia*, suspended petitioner's license to practice medicine for one year (with the last six months stayed) and imposed a fine of $5,000 for fraudulent advertising.

Upon appeal by the BPMC, respondent modified the Committee's determination. Respondent sustained the Committee's findings that petitioner practiced with negligence on more than one occasion, failed to maintain accurate patient records and ordered unnecessary tests. However, it did not sustain the charge that petitioner practiced fraudulently but did find that petitioner engaged in deceptive advertising. Respondent, *inter alia*, upheld the one-year suspension (with the last six months stayed), but reduced the fine to $2,500, attributing it to ordering unnecessary tests. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination.

We must decide whether respondent's determination was arbitrary and capricious, affected by an error of law or an abuse of discretion (*see, Matter of Larkins v DeBuono*, 257 AD2d 714; *Matter of Lombardo v DeBuono*, 233 AD2d 789, 792; *Matter of Chua v Chassin*, 215 AD2d 953, 954, *lv denied* 86 NY2d 708). In short, "[t]he inquiry hinges on whether the administrative determination has a rational basis supported in fact" (*Matter of Gottesman v New York State Dept. of Health*, 229 AD2d 742, 743). We acknowledge that considerable deference should be accorded the findings of the administrative fact finder who is in the best position to assess the credibility of witnesses and weigh their testimony (*see, Matter of Morrison v DeBuono*, 255 AD2d 710, 711; *Matter of Brown v New York State Dept. of Health*, 235 AD2d 957, 958, *lv denied* 89 NY2d 814).

Petitioner contends, *inter alia*, that respondent's finding that he ordered unnecessary tests is inconsistent with the factual record. We disagree. The record contains the testimony of two medical experts who opined that certain tests ordered by petitioner for different patients were not medically indicated. He further asserts that the claimed inadequacies in the medical records relating to his treatment of patients A and B do not support respondent's determination that he practiced with negligence on more than one occasion. Again, we disagree. There was evidence adduced that petitioner did not properly record medical information relevant to the treatment of certain health problems experienced by patients A and B. To the extent there was evidence to the contrary, this merely presented credibility questions for the administrative fact finder to resolve (*see, Matter of Balmir v DeBuono*, 237 AD2d 648, 649). Therefore, we conclude that respondent's determinations have a rational basis supported in fact.

We further find no merit to petitioner's assertion that respondent's finding that he engaged in deceptive advertising is contrary to law. Petitioner ran a newspaper advertisement in which he represented that he was "Subspecially trained in Allergy, Immunology and Rheumatology—Children and Adults". It is undisputed that petitioner did not complete the training required to practice in such areas and did not have hospital privileges in those specialities. The advertisement was misleading insofar as it implied that petitioner has the expertise to practice in specialty areas which he, in fact, does not possess. Therefore, we cannot say that respondent's finding that petitioner engaged in deceptive advertising lacked a rational basis in fact.

Lastly, we reject petitioner's claim that the penalty was

excessive. Respondent modified the penalty imposed by the Committee by requiring petitioner to complete 50 hours of continuing medical education during each year of his two-year probation rather than 100 hours during the one-year period of suspension. Furthermore, the fine was reduced to $2,500. We do not find the penalty disproportionate to the offense and decline to disturb it (*see*, *Matter of Larkins v DeBuono*, 257 AD2d 714, 715, *supra*; *Matter of Lawrence v DeBuono*, 251 AD2d 700, 702-703). We have considered petitioner's remaining arguments and find them unavailing.

Crew III, Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.