■ In the Matter of BARRY L. COHAN, Petitioner, v JOHANNA DUNCAN-POITIER, as Deputy Commissioner for Professions of the Department of Education of the State of New York, et al., Respondents. [700 NYS2d 283] —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which, *inter alia*, suspended petitioner's license to practice dentistry in New York for three years.

Petitioner is a dentist licensed to practice in New York. In this proceeding, he challenges a determination of respondent Board of Regents finding him guilty of (1) unprofessional conduct pursuant to Education Law § 6509 (9) and 8 NYCRR 29.2 (b) based upon evidence that petitioner failed to provide patient A.L. with a copy of his treatment charts and X rays after having been requested to do so on May 14, 1993 and June 22, 1993 and not until after the Office of Professional Discipline intervened in September 1993 (fifth specification); (2) practicing the profession fraudulently pursuant to Education Law § 6509 (2) (sixth specification) and unprofessional conduct pursuant to Education Law § 6509 (a) and 8 NYCRR 29.1 (b) (6) (seventh specification) based upon evidence that petitioner submitted insurance claim forms with regard to four patients (patients I.E., C.S., L.B. and C.B.), which falsely and fraudulently represented that petitioner had performed certain dental work for those patients; and (3) unprofessional conduct pursuant to Education Law § 6509 (9) and 8 NYCRR 29.2 (a) (3) based upon evidence that petitioner failed to retain a record of his evaluation and treatment of patient L.B. for a period of at least six years (eighth specification, subparagraph A). Petitioner further challenges the penalty imposed: suspension of petitioner's license to practice dentistry for three years for each specification upon which he was found guilty, to run concurrently, a stay of the suspension for three years, at which time petitioner would be placed on probation, and concurrent fines aggregating $5,000.

Initially, we reject the contention that the determination of the Board of Regents is not supported by substantial evidence (*see, Matter of Weiss v Holstein*, 215 AD2d 944, 945). The finding of guilt on the fifth specification was supported by undisputed evidence that petitioner did not furnish patient A.L.'s records until five months following the initial request therefor. Petitioner's excuse that he was "confused" by the communications from A.L.'s lawyer is not at all persuasive and at most raised a factual issue for determination by the administrative fact finder (*see, Matter of Golan v Sobol*, 195 AD2d 634, 635-636, *lv denied* 82 NY2d 661; *Matter of Davidson v Board of Regents*, 155 AD2d 782, 784, *lv denied* 75 NY2d 706). Petitioner's further claim that he was afraid of being sued for malpractice is not a valid defense to a charge of failing to timely provide medical records (*see, Wheeler v Commissioner of Social Servs. of City of N. Y.*, 233 AD2d 4).

We similarly reject the excuse tendered for petitioner's undisputed failure to maintain patient L.B.'s records for the requisite six years. Even if credited, testimony that petitioner's office was prone to periodic flooding was unavailing in view of the further evidence that petitioner was aware of the possibility of flooding but nonetheless took woefully inadequate precautions to safeguard his patient records and that petitioner "found it more practical to dispose of [damaged records]" than try to salvage them.

Turning now to the findings of guilt under the sixth and seventh specifications, we first reject the contention that the evidence fails to support the element of fraudulent intent to file false insurance claims. Notably, guilty knowledge and intent may be inferred from petitioner's knowing filing of the false instruments (*see, Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, 881-882, *lv denied* 78 NY2d 856; *Matter of Sanandaji v Sobol*, 163 AD2d 691, 692-693, *lv denied* 76 NY2d 708). We are also unpersuaded by petitioner's challenge to the sufficiency of the evidence that he did not perform the work for which the insurance claims were filed. The testimony of patients L.B. and C.B. and written statements from patients I.E. and C.S. provided substantial evidence of petitioner's fraudulent submission of false insurance claim forms (*see, Matter of Martinez-Urrutia v Szetela*, 216 AD2d 700, 701, *lv denied* 86 NY2d 710). The excuses and purportedly contradictory evidence submitted by petitioner merely raised credibility issues which the Board of Regents resolved against petitioner in the proper exercise of its fact-finding authority (*see, Matter of Golan v Sobol, supra*).

Petitioner's remaining contentions, including the claim that the charges under the sixth and seventh specifications were duplicitous because they were based upon the same conduct and the attack on the severity of the penalty imposed, have been considered and found to be unavailing.

Mikoll, J. P., Crew III, Yesawich Jr. and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.