■ In the Matter of JACK COHEN, Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [706 NYS2d 256] —Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which revoked petitioner's license to practice podiatry in New York.

Petitioner, a licensed doctor of podiatry in New York since 1985, was charged with numerous specifications of professional misconduct, including, *inter alia*, the practice of podiatry beyond its authorized scope, committing more than one act of negligence, gross negligence and unprofessional conduct. Subsequently, several of the initial specifications were amended to include additional incidents and two additional specifications of misconduct were added which included allegations that petitioner had violated a previously imposed period of probation. The specifications pertained to petitioner's treatment of eight patients, all of which, except one, occurred within the time frame of 1990 to 1992.

After five days of hearings, the Hearing Panel of the State Board of Podiatry determined that the petitioner was guilty of four separate specifications. As a result of this finding and petitioner's acknowledgment of guilt with respect to the first and second specifications, the Hearing Panel recommended to respondent Board of Regents that petitioner's license to practice as a podiatrist in New York be revoked upon each specification of which petitioner had been found guilty. The determination of the Hearing Panel was reviewed by the Regents Review Committee which recommended to the Board of Regents that the Hearing Panel's findings of fact, determination and recommendation be accepted and that petitioner's license to practice podiatry be revoked. Following the Board's acceptance of these findings and recommended penalty, petitioner commenced this CPLR article 78 proceeding seeking annulment of this determination.

Petitioner asserts that the determination is not fully supported by substantial evidence, that petitioner did not receive a fair hearing and that the penalty imposed by the Board is so disproportionate to the offense as to be shocking.

Initially, we observe that the standard of review is whether the Board's determination is supported by substantial evidence (*see, Matter of Weiss v Holstein*, 215 AD2d 944, 945). In this regard, petitioner contends that the majority of the nonrecordkeeping findings are not supported by substantial evidence since the expert witness offered by the Office of Professional Discipline was not appropriately qualified and the medical expert testimony failed to appropriately demonstrate a deviation from acceptable medical standards. We find these arguments unpersuasive and without basis in the record.

Qualification as an expert is a matter which rests in the sound discretion of the Hearing Panel and will not be disturbed in the absence of an abuse of discretion. The record here belies

any such abuse. Petitioner's contentions that the expert witness failed to establish that his failure to conduct preoperative blood tests was not a violation of the standard of care for podiatrists is belied by the record. Additionally, it is noteworthy that petitioner stipulated that the testimony of the expert witness, together with the records of petitioner, constituted a prima facie case under the third, fourth and fifth specifications. Moreover, it is well established that where conflicting expert testimony is presented as to an issue, it is within the exclusive province of the Hearing Panel to resolve this issue of credibility (see, Matter of Tames v DeBuono, 257 AD2d 784, 786; Matter of Morrison v DeBuono, 255 AD2d 710, 711). There is no doubt based on this record that petitioner failed to appropriately and adequately document preoperative and postoperative care of his patients. Petitioner does not contest these findings made by the Board and, in fact, acknowledges that he could have maintained his records in a much more appropriate manner.

Equally unavailing is petitioner's assertion that he failed to receive a fair hearing. This assertion rests on two grounds. First, petitioner maintains that the expert witness who testified against him before the Hearing Panel was the source of the original complaints regarding petitioner. The fact that the expert witness may have also been the original complainant does not establish bias on the part of the Hearing Panel, but is merely a factor addressed to the discretion of the Hearing Panel in resolving issues concerning the credibility of such witness. The second ground urged by petitioner involves a claim that the expert witness and various members of the Hearing Panel are adherents to a different podiatric technique than petitioner. To establish the existence of bias sufficient to deprive petitioner of a fair hearing, he must establish by appropriate evidence that the outcome of the hearing flowed from the claimed bias (see, Matter of Moss v Chassin, 209 AD2d 889, 890, lv denied 85 NY2d 805, cert denied 516 US 861). A mere allegation of bias is insufficient and petitioner has made no evidentiary showing to support his claim that the alleged bias of Hearing Panel members against his podiatric technique had any impact on the ultimate determination rendered herein (see, Matter of Major v Board of Regents, 160 AD2d 1041, 1041-1042, lv denied 76 NY2d 705).

Finally, there is no merit to petitioner's contention that the penalty of revocation should be set aside as disproportionate to the offenses. A penalty should be overturned if it is determined to be "so incommensurate with petitioner's offenses as to be

shocking to one's sense of fairness" (*Matter of Lupovici v Sobol*, 223 AD2d 753, 753-754; *see, Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 825). Here, considering petitioner's pattern of deficient recordkeeping, his improper patient treatment, his practicing beyond the scope of his profession on one occasion, his probation violation and his disciplinary record in general, it cannot be said that the revocation of petitioner's license is an excessive or disproportionate penalty shocking to one's sense of fairness (*see, Matter of Jean-Baptiste v Sobol, supra*, at 825). The fact that others guilty of similar conduct have been given lighter penalties does not alone justify modification of the penalty imposed (*see, Matter of Sung Ho Kim v Board of Regents*, 172 AD2d 880, 882, *lv denied* 78 NY2d 856).

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.