■ In the Matter of GEOFFREY RICHSTONE, Petitioner, v AN-TONIA C. NOVELLO, as Commissioner of Health of the State of New York, Respondent. [726 NYS2d 188] —Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Following a hearing, the Hearing Committee of the State Board for Professional Medical Conduct sustained 22 of 27 specifications of misconduct against petitioner including willfully filing false reports, practicing with negligence on more than one occasion, practicing fraudulently, failing to maintain adequate records and performing unnecessary medical tests and treatment. The Hearing Committee found petitioner to be morally unfit to practice medicine as well as unsuitable for retraining or probation, and imposed a penalty of license revocation. Petitioner now challenges those determinations in this CPLR article 78 proceeding.

The scope of our review of decisions of the Hearing Committee is whether the determination is supported by substantial evidence (*see, Matter of Slakter v DeBuono*, 263 AD2d 695, 697; *Matter of Tames v DeBuono*, 257 AD2d 784, 786). If the evidence meets that standard, we will defer to the Hearing Committee's resolutions of conflicting evidence and credibility (*see, Matter of Reddy v State Bd. for Professional Med. Conduct*, 259 AD2d 847, 849, *lv denied* 93 NY2d 813; *Matter of Tames v DeBuono*, *supra*, at 786). As the record here contains substantial evidence supporting the charges which the Hearing Committee sustained, we find no basis to question its credibility determinations.

The Hearing Committee found that petitioner had deprived patient A of timely access to her medical records and then, some two years after she last sought treatment from him, he

sent her a letter stating for the first time that she owed him $1,373 in copayments. The Hearing Committee concluded that this letter was sent with the intention of persuading her to drop her complaint to the Department of Health concerning her records in exchange for petitioner's forgiveness of this bill. While forgiveness was not explicitly conditioned on patient A's withdrawal of her complaint, the letter asked her to do so and offered to cancel the bill if she would have difficulty paying it. The Hearing Committee was free to interpret this as an implicit offer of such an exchange and discredit petitioner's explanation of the transaction.

The Hearing Committee also found that petitioner falsified his application for reappointment to the medical staff at Cabrini Hospital when he answered "no" when asked whether he had received any sanctions within the last year about which his department director did not know. Given petitioner's testimony that he never informed the director of the relevant sanction and the director's statement that he was not aware of it, the Hearing Committee could reasonably infer that petitioner intended to be misleading on the application and so was not bound to credit petitioner's statement to the contrary (see, Matter of Tames v DeBuono, supra, at 786; Matter of Post v State of New York Dept. of Health, 245 AD2d 985, 987).

Petitioner also contends that inconsistencies in the findings of fact regarding patients C and D warrant annulment of the sustained specifications as to those patients. Specifically, petitioner cites the Hearing Committee's decision not to sustain the allegations of improper diagnoses concerning patients C and D while simultaneously sustaining other allegations that he fraudulently billed each patient's insurance company based on deliberately exaggerated findings. Petitioner also finds a contradiction in the Hearing Committee's conclusions that he failed to follow up on his findings as to patient C and yet his follow-up testing was excessive. We find, however, that significant differences between the nature of the charges dispel any appearance of inconsistency.

Petitioner also criticizes the Hearing Committee's decision to credit the witnesses of the Bureau of Professional Medical Conduct (hereinafter BPMC) over his own witnesses, particularly in light of its comment that his cardiologist, Jeffrey Fisher, was a generally credible witness. At the hearing, the BPMC offered the testimony of Elliott Howard, who testified that, with regard to patient C, petitioner was not thorough, inadequate history was taken, inadequate follow-up treatment was rendered and the prostate sonogram was not justified.

Howard testified similarly with regard to patients D and E. Fisher's testimony to the contrary did not compel the Hearing Committee to resolve the conflicting credible evidence in petitioner's favor. Noting again the Hearing Committee's exclusive authority to weigh the evidence and credit the testimony of the BPMC's witnesses over that of petitioner's witnesses (*see, Matter of Tames v DeBuono*, 257 AD2d 784, 786, *supra*), we find no merit in petitioner's argument.

Petitioner next argues that the Hearing Committee's determinations were the result of bias among its members, prejudicial rulings by the Administrative Law Judge and inflammatory statements by the BPMC. Our review of the record, however, reveals no indication that such alleged "prejudice so permeate[d] the underlying hearing as to render it unfair" as is required to overturn an administrative decision (*Matter of Jean-Baptiste v Sobol*, 209 AD2d 823, 824) and overcome "the presumption of honesty and integrity accorded to administrative body members" (*Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct*, 244 AD2d 790, 792, *lv denied* 92 NY2d 802). Having considered petitioner's contentions regarding certain evidentiary rulings made during the hearing, we find them conclusory and without merit.

Finally, as to petitioner's contention that the sanction of license revocation was excessive and an abuse of discretion, we note that the standard of review is whether the penalty is so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Dolin v State Bd. for Professional Med. Conduct*, 274 AD2d 862, 863, *lv denied* 95 NY2d 770; *Matter of Pisnanont v New York State Bd. for Professional Med. Conduct*, 266 AD2d 592). Given that petitioner was found to have engaged in fraudulent billing, attempting to coerce a patient into dropping her complaint with the Department of Health, denying patients timely access to their records, performing substandard follow-up procedures, ordering excessive and medically unnecessary testing on patients and falsifying his application for reappointment to the staff of Cabrini Hospital, we decline to disturb the imposition of the penalty of revocation in this matter (*see, Matter of Moon Ho Huh v New York State Dept. of Health, Bd. for Professional Med. Conduct*, 256 AD2d 933, 934; *Matter of Bezar v DeBuono*, 240 AD2d 978, 980).

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.