■ In the Matter of MICHAEL A. KOLE, Petitioner, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [738 NYS2d 420] —Mugglin, J. Proceeding pursuant to CPLR article

78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which, inter alia, suspended petitioner's license to practice dentistry in New York for three years.

Petitioner, licensed as a dentist in New York since 1962, was served in April 1997 with a statement containing five specifications accusing him of professional misconduct, including gross negligence, practicing the profession of dentistry with gross incompetence, practicing the profession of dentistry with negligence on more than one occasion, practicing the profession of dentistry with incompetence on more than one occasion, and committing unprofessional conduct by refusing to treat a patient who was in need of immediate care. During the course of a hearing, held on six separate days between February 1998 and June 1998, the statement of charges was amended to add a sixth specification charging professional misconduct for the failure to pay a fine previously imposed. Concerning the first five specifications, the Hearing Panel found petitioner guilty of only gross negligence based on the unnecessary performance of root canals and the extraction of healthy teeth. He was also found guilty on the sixth specification for failure to pay a previously imposed fine. All other charges were dismissed. The Hearing Panel recommended that petitioner's license be revoked.

Upon review, the Regents Review Committee (hereinafter Review Committee) recommended that the findings and determinations be accepted but that the penalty be modified to suspend petitioner's license for three years for each determination, the suspensions to run concurrently, with the last year of each to be stayed, and that petitioner be placed on probation. Final administrative review by respondent Board of Regents (hereinafter the Board) resulted in the adoption of the Hearing Panel's findings and the Review Committee's recommended penalty, but added a three-year term of probation and ordered that petitioner pay the unpaid balance of the previously imposed fine.

Petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination claiming that the statement of charges was improperly amended to include the sixth specification of professional misconduct, the determination was not supported by substantial evidence,* and he was denied a fair hearing.

---

* Petitioner asserts in his brief that several errors of law require that the determination of the Board be vacated. In reality, these arguments address only questions of substantial evidence.

We turn first to petitioner's contention that the statement of charges was improperly amended to include the sixth specification of professional misconduct. Petitioner claims that he was not properly served with the amended charge prior to the commencement of the hearing, and that he was substantially prejudiced by unreasonable delay in bringing this charge. Although the motion to amend was not made until after the commencement of the hearing, no evidence with respect thereto was presented until after the motion was granted. Moreover, petitioner knew about this charge well in advance of the presentation of any evidence and had a sufficient opportunity to gather and present his evidence.

It is well settled that amendment of a statement of charges may occur during the course of a disciplinary hearing (*see, Matter of Gold v Chassin*, 215 AD2d 18, 23, *lv denied* 87 NY2d 805; *Matter of Major v Board of Regents of Univ. of State of N.Y.*, 160 AD2d 1041, 1043, *lv denied* 76 NY2d 705). Moreover, where a party challenges an amendment as improper, surprise or substantial prejudice thereby must be demonstrated (*see, Matter of Gold v Chassin, supra* at 23), which petitioner has failed to do.

The fine that forms the basis for the specification was imposed in December 1992 and petitioner was informed concerning his delinquency as early as January 1993. We are not convinced that he was unable to prepare a defense or suffered substantial prejudice by the seizure of his financial records by the Internal Revenue Service. Despite adequate opportunity, petitioner failed to attempt to access the records in the custody of the Internal Revenue Service or to pursue other methods of finding substitute records. More importantly, however, petitioner does not deny the delinquency, a position inconsistent with a claim of prejudice.

We next address the issue of whether the Board's determination is supported by substantial evidence, an issue that defines the scope of our review (*see, Matter of Kirschner v Mills*, 274 AD2d 786, 789; *Matter of Cohan v Duncan-Poitier*, 267 AD2d 819, 820). In a case of this nature, for the evidence to be substantial, "it must include sufficient expert testimony demonstrating that petitioner deviated from accepted standards of dental practice" (*Matter of Kirschner v Mills, supra* at 789). If the evidence meets this standard, we defer to the Board's resolutions of conflicting evidence and credibility (*see, id.* at 789; *Matter of Cohen v Mills*, 271 AD2d 826, 827-828; *see also, Matter of Richstone v Novello*, 284 AD2d 737, 737).

Our review of this record leads inescapably to the conclusion

that the testimony of the expert for respondent Education Department satisfies these criteria. His opinion was based on his examination of the patient, petitioner's records and the medical documentation and, therefore, has a proper foundation. Petitioner's testimony and that of his expert, with one exception, presented only issues of credibility and weight of evidence, issues properly resolved by the Hearing Panel (*see, Matter of Tames v DeBuono*, 257 AD2d 784, 786; *Matter of Adler v Bureau of Prof. Med. Conduct*, 211 AD2d 990, 990-991). While we recognize, as urged by petitioner, that the Hearing Panel may have incorrectly determined that extraction of tooth No. 10 was improper, error with respect to this finding does not require annulment of the entire determination, which is otherwise based on substantial evidence. With respect to the sixth specification, the record leaves no doubt that petitioner has paid only $250 of the $2,000 fine imposed.

Next, we address those assertions made by petitioner that he was denied a fair hearing. In this regard, petitioner first asserts what appears to be a claim of Hearing Panel bias because several of its members acknowledged that, through their membership in the New York State Dental Society, they knew the Education Department's expert witness. While this relationship was revealed at the outset of the hearing, petitioner raised no objection nor did he seek the recusal of these panel members. More importantly, the record fails to contain any factual demonstration supporting a claim of bias or that the ultimate determination resulted from that bias (*see, Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct*, 244 AD2d 790, 791, *lv denied* 92 NY2d 802). Absent the presentation of evidence to rebut the presumption of honesty and integrity accorded to administrative bodies (*see, Matter of Richstone v Novello, supra* at 739), such claims fail. The mere allegation of bias is insufficient (*see, Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct, supra* at 791).

Petitioner's other fairness claim involves the admission into evidence of study models of the patient's mouth and the report by the Education Department's expert and the receipt of testimony of inadequate record keeping, although petitioner was not charged with keeping inadequate records. Strict rules of evidence are inapplicable to administrative hearings (*see, Matter of Martinez-Urrutia v Szetela*, 216 AD2d 700, 701, *lv denied* 86 NY2d 710; *Matter of Morfesis v Sobol*, 172 AD2d 897, 897, *lv denied* 78 NY2d 856), and even an erroneous evidentiary ruling will not warrant annulment of the determina-

tion unless such ruling renders the entire proceeding fundamentally unfair (*see, Matter of Kaphan v DeBuono*, 268 AD2d 909, 912; *Matter of Sunnen v Administrative Review Bd. for Professional Med. Conduct, supra* at 792). No such showing of fundamental unfairness has been demonstrated by petitioner nor is such apparent from this record. In addition, any testimony concerning inadequate or improper record keeping and some factual findings by the Hearing Panel in this regard are not prejudicial to petitioner as those findings are not necessary to support the charge of gross negligence (*see, Matter of Loffredo v Sobol*, 195 AD2d 757, 761, *lv denied* 82 NY2d 658).

Finally, in light of petitioner's prior disciplinary record, the gravity of his present professional misconduct and in view of the Hearing Panel's recommendation, we do not conclude that the penalty ultimately imposed by the Board was excessive, disproportionate or shocking to one's sense of fairness (*see, Matter of Cohen v Mills*, 271 AD2d 826, 828-829, *supra*; *Matter of Cohan v Duncan-Poitier*, 267 AD2d 819, *supra*).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.