■ In the Matter of KENNETH K. LEE, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, et al., Respondents. — Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to annul a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine for one year and stayed such suspension pending petitioner's compliance with terms of probation.

Petitioner was a physician employed by the Niagara Falls Memorial Medical Center as a pathologist. He was licensed to practice medicine in New York in 1966, apparently at the time he joined the hospital, and rose to the position of chief pathologist and director of laboratories in 1970.

In January 1981, the State Board for Professional Medical Conduct commenced a disciplinary proceeding against petitioner stemming from his alleged conduct at the hospital. Charges of misconduct for practicing medicine fraudulently, aiding or abetting an unlicensed person to perform activities requiring a license, willful or grossly negligent failure to comply with State laws, rules or regulations, and improper delegation of duties related to allegations that petitioner directed a lab technician to make incisions and eviscerate organs from a cadaver without petitioner being present to supervise. Charges of misconduct which evidenced a moral unfitness to practice the profession were based upon several alleged incidents of sexual harassment of female workers in the hospital. In due course, hearings were held on the above charges. Extensive testimony was given by a lab technician who maintained that he made

incisions in and eviscerated organs from cadavers without petitioner being present but at his direction. Petitioner testified that he did direct the technician to eviscerate cadavers, but that he was always in the hospital if not present in the room. Regarding the sexual harassment charges, extensive testimony was taken from the various female employees whom petitioner made advances toward. Petitioner also presented several witnesses to testify regarding his good character and performance at the hospital. Petitioner also testified on his own behalf, denying all charges of sexual harassment.

The hearing panel found petitioner not guilty of the fraudulent practice of medicine and not guilty of willful or grossly negligent failure to comply with the State laws, rules and regulations stemming from directing a lab technician to eviscerate organs from a cadaver. Petitioner was found guilty, however, of the charges of permitting an unlicensed person to perform activities requiring a license. A guilty finding was also returned on all of the sexual harassment charges. The hearing panel recommended revocation of petitioner's license to practice medicine, but that such revocation be stayed on the condition that petitioner consult a psychiatrist.

The Commissioner of Health recommended to the Board of Regents that the hearing panel's findings, conclusion and recommendations be adopted in full. The Board of Regents appointed a review committee to consider disciplinary action. The review committee agreed with the hearing panel only as to the charges relating to permitting the lab technician to perform evisceration of cadavers unsupervised. As to the sexual harassment charges, the review committee held that those charges were not proven by substantial evidence. The review committee recommended as a modified penalty that petitioner's license be suspended for one year on each guilty finding and that such suspensions run concurrently.

The Board of Regents substantially agreed with the hearing panel's findings and conclusions except that it found petitioner not guilty of the sexual harassment charge contained in the third specification (par [6] [c] [ii]) in that the alleged incident occurred in 1975 prior to the enactment of 8 NYCRR 29.1 (b) (5), the rule allegedly violated. The Board of Regents modified the disciplinary action to a one-year suspension of petitioner's license for each charge he was found guilty of, with such suspensions to run concurrently. The suspensions were stayed and petitioner was placed on a one-year probation. The terms of probation required petitioner to seek psychiatric care if necessary and submit a quarterly report from a psychiatrist stating

that he is fit to practice medicine. Pursuant to Education Law § 6510-a (4), petitioner commenced the present proceeding in this court to review the order entered by the Commissioner of Education in compliance with the Board of Regents determination.

There must be a confirmance. A review of the record reveals that the determination is supported by substantial evidence. The testimony herein involved questions of credibility which are factual questions for resolution by the Board of Regents and not within this court's scope of review (*see, Matter of Rudner v Board of Regents*, 105 AD2d 555; *Matter of Erdos v New York State Dept. of Educ.*, 105 AD2d 504). Moreover, we are unable to conclude that the disciplinary procedures employed herein violated petitioner's due process rights (*see, Matter of Di Marsico v Ambach*, 48 NY2d 576, 582; *Matter of Gould v Board of Regents*, 103 AD2d 897; *Matter of Freymann v Board of Regents*, 102 AD2d 912). In sum, the record indicates that petitioner received a full and fair hearing, coupled with independent review at each stage of the administrative proceedings.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.