In the Matter of PAUL F. CALLAHAN, Petitioner, v UNIVERSITY
OF THE STATE OF NEW YORK et al., Respondents.

Third Department, July 9, 1987

APPEARANCES OF COUNSEL

*Paul F. Callahan* for petitioner.

*Robert Abrams, Attorney-General (John J. O'Grady* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

Respondents have imposed minimal disciplinary sanctions on petitioner, a dentist, for allegedly committing unprofessional conduct by engaging in advertising that is not in the public interest *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [12] [i]). The charges of unprofessional conduct arise out of a pamphlet that petitioner mailed to patients he had seen within the previous two years. In the pamphlet, entitled "Microbiological Dentistry", petitioner advocated what he described as the newly emerging science of diagnosing and treating dental disease as a bacterial infection. Based upon a number of phrases extracted from the pamphlet, petitioner was charged with 13 specifications of advertising or soliciting for patronage that was not in the public interest in that it was deceptive and misleading (8 NYCRR 29.1 [b] [12] [i] *[a]*), guaranteeing a service (8 NYCRR 29.1 [b] [12] [i] *[d]*) or making claims which could not be substantiated (8 NYCRR 29.1 [b] [12] [i] *[e]*). After a hearing, petitioner was found guilty of all specifications and a censure and reprimand were imposed as the penalty.

We first reject petitioner's contention that respondents erred in considering the pamphlet as advertising or soliciting. The pamphlet was concededly designed to call information to the attention of the public, albeit a very limited segment of the public, and, at least implicitly, the pamphlet also requested its recipients to come into petitioner's office to receive the services described in the pamphlet. There is nothing irrational in respondents' interpretation of the terms "advertising" and "soliciting" in the regulation as encompassing petitioner's pamphlet *(see, Matter of Koffler,* 51 NY2d 140, 146).

Turning to the question of whether respondents' determination that petitioner engaged in advertising or soliciting for patronage not in the public interest is either irrational or unsupported by sufficient evidence in the record, we find the determination defective on both grounds. On the question of irrationality, respondents' determination did not find that

petitioner's pamphlet, read as a whole, was deceptive and misleading or could reasonably be read as guaranteeing services or making unsubstantiated claims; that issue was never considered. Rather, respondents extracted a number of phrases from the pamphlet and examined them without regard to the context of the pamphlet as a whole. In the circumstances of this case, we find this procedure itself to be deceptive and misleading. That certain isolated phrases, read out of context, could be construed as running afoul of the proscription on deceptive or misleading advertising or soliciting does not necessarily establish that the pamphlet, read as a whole and reasonably construed, constituted advertising or soliciting not in the public interest. It is interesting to note that in their brief to this court, respondents state that, "The capacity of advertising to mislead is judged by the entire context". Yet, at the administrative level, respondents did not judge petitioner's pamphlet on the basis of the entire context, but instead based their determination on a review of a number of selected phrases from the pamphlet. Since respondents did not pass upon the issue which they now concede is crucial, the determination is irrational.

As to the sufficiency of the evidence, a determination of guilt of professional misconduct must be based upon a preponderance of the evidence (Education Law § 6510 [3] [c]; *Matter of Cerminaro v Board of Regents,* 120 AD2d 262, 263-264). The only testimony in support of the charges in this case was that of an expert in periodontia, whose complaint apparently prompted the disciplinary proceeding against petitioner. This expert testified that the objectionable phrases in the pamphlet, which contained claims concerning the treatment of dental disease using techniques of microbiological dentistry, were not supported by data from long-term scientific studies. Based upon his testimony, it is apparent that this expert was an advocate of the more traditionally accepted form of treatment, involving plaque control, and that he rejected claims that microbiological dentistry offered effective treatment techniques. Thus, he was of the opinion that the phrases in petitioner's pamphlet were false, misleading or deceptive. Petitioner presented expert testimony to the effect that microbiological dentistry was an effective and preferable method of treating dental disease and that petitioner's pamphlet was not false, misleading or deceptive.

In sum, the testimony presented by the parties, together with the written material introduced at the hearings, estab-

lishes that when petitioner circulated his pamphlet, there existed within the profession a substantial controversy over the effectiveness of the new method of treatment, and the profession included those who practiced the new method and those who adhered to the more traditional method. No claim has been made that those who practice the new method are guilty of professional misconduct, but petitioner has been found guilty of professional misconduct for advocating the use of the new method. Thus, under the guise of regulating advertising or soliciting in the public interest, respondents have intervened in a purely professional dispute concerning the effectiveness of two accepted methods of treatment.

Respondents claim that this is a classic case of a conflict of expert opinions which is exclusively for the administrative agency to resolve, but we find this argument overly simplistic. As noted above, the conflict does not involve a few discrete issues, but concerns the whole complex series of issues arising out of a professional controversy between the practitioners of a new treatment method and those who adhere to the more traditional method. Moreover, the existence of a conflict in expert opinions does not end judicial review, as respondents seem to argue, for the manner in which the administrative agency resolves that conflict must be supported by substantial evidence (see, Matter of Di Maria v Ross, 52 NY2d 771, 772), and we find no support in this record for a resolution of the conflicting expert opinions in such a manner that provides the necessary preponderance of the evidence of petitioner's guilt (see, Education Law § 6510 [3] [c]). In the circumstances of this case, the absence of any proof that the claims made by petitioner in his pamphlet exceeded the expectations of those experts who recognized the effectiveness of microbiological dentistry leaves respondents' determination unsupported by the record.

KANE, J. P.., MAIN, WEISS and MIKOLL, JJ., concur.

Determination annulled, and petition granted, without costs.