■ In the Matter of STANLEY BROWN, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which, *inter alia,* suspended petitioner's license to practice medicine in New York for two years.

Petitioner, whose primary practice is the performance of abortions, challenges the determination of respondent Board of Regents finding him guilty of professional misconduct con-

sisting of practicing the profession of medicine negligently on more than one occasion and failing to maintain patient records which accurately reflect the evaluation and treatment of his patients (see, Education Law § 6509 [2], [9]; 8 NYCRR 29.2 [a] [3]).

One of the instances of negligence involved the incomplete abortion of a 17-week fetus. Petitioner estimated the gestational age of the fetus at 10 to 12 weeks prior to performing the abortion by suction curettage. At his hearing petitioner testified that the amount of fetal tissue removed was indicative of a 15-week fetus, yet he failed to examine the tissue to ensure that all fetal parts had been removed or examine the mother to see that the uterus was returning to normal size, despite the fact that suction curettage is inappropriate for a second-trimester pregnancy and that National Federation of Abortion standards require that any fetus over 10 weeks be reconstructed to insure that a complete abortion was achieved. Two days after the abortion, the patient was admitted to a hospital and delivered a 17-week fetus missing its right arm and leg. That the patient was subjected to unnecessary risk by reason of petitioner's negligence was attested to by respondents' medical expert who testified that a uterus that is not completely evacuated could hemorrhage, become infected, or both.

Another instance of negligence stemmed from petitioner's failure to diagnose an ectopic pregnancy before performing an abortion despite the patient's symptomology including a five-centimeter adnexal cyst and a history of pelvic inflammatory disease which called for performance of a sonogram—which was not had—prior to the abortion to eliminate the possibility of an ectopic pregnancy. Petitioner performed a suction curettage which yielded a small amount of tissue, also indicating an ectopic pregnancy, yet allowed the patient to leave his office without conducting a simple test available to him which would have enabled him to rule out the possibility of an ectopic pregnancy. It is apparent from the medical testimony that such a pregnancy is potentially life threatening and that the danger of hemmorrhage is increased by a suction abortion because of the negative pressures exerted.

With regard to petitioner's record keeping, even petitioner's expert conceded that significant factors were missing, such as body weight and the location of the cyst. Moreover, petitioner did not record various important facts regarding administration of anesthesia, a description of external genitalia examined and whether the patient experienced pain.

Petitioner's contention that the record lacks sufficient evidence to support a finding of guilt by a preponderance of the evidence is clearly refuted by the facts recounted above. And insofar as petitioner suggests that to the extent his expert disagreed with respondents' expert the record discloses a present controversy within the profession and thus the higher standard assertedly relied upon by respondents cannot be used to support the determination of petitioner's guilt *(see, Matter of Callahan v University of State of N. Y.,* 129 AD2d 241, 244), we note that the record simply does not disclose any bona fide controversy in this respect within the profession. Moreover, petitioner failed to meet some of the standards espoused by his own expert.

The record evidence also establishes that petitioner neglected to properly document significant information. The mere fact that the medical experts testifying on behalf of the respective parties were able to rely on petitioner's records to reconstruct his negligence does not establish that they were sufficient to provide the medical information that should have been memorialized *(see, Matter of Schwartz v Board of Regents,* 89 AD2d 711, 712, *lv denied* 57 NY2d 604).

Lastly, we do not consider the measure of discipline imposed either disproportionate to the offenses documented or shocking to one's sense of fairness *(cf., supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.