■ In the Matter of MOHAMMAD S. CHOUDHRY, Petitioner, v THOMAS SOBOL, as Commissioner of the Education Department of the State of New York, et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which censured and reprimanded petitioner for professional misconduct in practicing medicine.

Respondents have charged petitioner, a licensed physician, with professional misconduct, alleging that he practiced the profession fraudulently (Education Law § 6509 [2]), that he was guilty of unprofessional conduct (Education Law § 6509 [9]) and that he willfully made and filed a false report (8 NYCRR 29.1 [b]). Following a hearing, petitioner was determined to be guilty of all the specifications and a penalty of censure and reprimand was imposed. Petitioner commenced this proceeding to annul that determination.

All of the allegations are based upon an affidavit submitted by petitioner to the Regents Review Committee of respondent Board of Regents on behalf of Dr. Arjumand Randhawa, who was then under investigation for patient neglect. In the affidavit, after reciting his own credentials and the nature of his association with Randhawa, petitioner asserted that he had never reviewed any instances where Randhawa's conduct raised the specter of patient neglect. At the time petitioner

submitted the affidavit to the Regents Review Committee he was Chairman of the department of medicine at the hospital where Randhawa practiced. In that capacity he had been a member of the Utilization Review and Quality Appraisal Committee which had just completed an intensive investigation of Randhawa's patient care at the hospital, as the result of which Randhawa's privileges were significantly diminished. A review of the minutes of the hospital committee meetings during that investigation reveal that the committee was concerned with suspected inappropriate diagnosis, inadequate medical coverage, failure to follow consultation recommendations and failure to give patients proper medications, as well as inappropriate chart documentation and overutilization of hospital services. Petitioner testified that he never believed Randhawa's conduct to be anything but poor chart documentation and that what he asserted in his affidavit was the truth.

Petitioner challenges the administrative determination on the ground that it is not sufficiently supported by the evidence in the record. Petitioner relies primarily on the fact that he never believed that the investigation involved the specter of patient neglect and that the ultimate determination of the hospital committee was based on inadequate documentation and overutilization rather than patient neglect. That begs the question. There is ample evidence in the record for respondents to have concluded that petitioner had reviewed instances where Randhawa's conduct did indeed raise the specter of patient neglect, whether or not he agreed with it. There is therefore no reason to disturb the finding that petitioner's affirmative assertion was false.

Petitioner further contends that there was no evidence upon which to base a finding that he intentionally misrepresented or concealed a known fact. In support of that position petitioner relies on our decision in *Matter of Brestin v Commissioner of Educ. of State of N. Y.* (116 AD2d 357). In that case we held that the mere filing of a false report without proof of intentional misrepresentation was insufficient to sustain a finding of willfully filing a false report. While we recognized that such a finding could be inferred, there was nothing in the Hearing Panel's findings to indicate that such an inference was drawn. In the case at bar, the Hearing Panel specifically noted that it had been instructed that petitioner's intent to deceive could be inferred from his knowledge of the falsehood of his statement. A reading of the report of the Hearing Panel demonstrates clearly that they indulged in that inference.

Finally, petitioner urges that his affidavit constitutes an

expression of opinion and cannot, therefore, be characterized as an intentional misrepresentation or concealment of a known fact. Concededly, the preamble of the affidavit provides that it is submitted as an opinion of Randhawa's character and professional integrity. However, beyond that, every sentence in the affidavit, save two, are factual, including the most relevant: "I have never * * * reviewed any instances where her conduct raised the specter of patient neglect." Petitioner's reliance on this court's decision in *Matter of Callahan v University of State of N. Y.* (129 AD2d 241) is misplaced. There this court held that it was impermissible for an agency to base its determination on the extraction of a number of phrases from a document and examine them without regard to the document as a whole. Here, petitioner would have us do exactly what we proscribed in *Callahan.* He urges us to accept the statement that "this affidavit [is] my opinion of her character and professional integrity" as dispositive of the entire document. For the same reasons as enunciated in *Callahan,* we decline to do that. Petitioner has asserted, factually, that as a member of the Utilization Review and Quality Appraisal Committee he has reviewed many of Randhawa's charts and has never encountered instances where her conduct raised the specter of patient neglect. That constitutes a decided statement of fact which, if determined to be untrue, would constitute the basis for respondents' determination herein.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Crew III, and Harvey, JJ., concur.