■ In the Matter of WILLIAM R. HOWE, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. [619 NYS2d 820] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which, *inter alia,* suspended petitioner's license to practice engineering in New York.

In August 1987, the State Education Department's Office of Professional Discipline (hereinafter OPD) charged petitioner, a licensed engineer, with six specifications of misconduct. The charges stemmed from petitioner placing his seal as a professional engineer upon two certification of completed inspection forms concerning two projects located in New York City. A hearing was held before a Hearing Panel of respondent State Board of Engineering and Land Surveying and, ultimately, a Regents Review Committee remanded the matter for a new hearing on the charges of practicing the profession fraudulently and engaging in unprofessional conduct.

OPD thereafter issued a new statement of charges relating

---

to these two specifications of misconduct and a second hearing was held, at the conclusion of which the Hearing Panel found petitioner guilty of both charges. The second Regents Review Committee, after modifying certain findings of fact, accepted the Hearing Panel's determination as to guilt and, as to penalty, recommended that petitioner be fined $6,000, that his license to practice be suspended for one year upon each of the sustained specifications, with said suspensions to run concurrently, and that execution of the suspensions be stayed and petitioner placed on probation for one year. Respondent Board of Regents adopted the recommendations of the second Regents Review Committee, and this CPLR article 78 proceeding to challenge the Board of Regents' determination ensued.

Petitioner's primary argument on review is that the record does not contain sufficient evidence to support the determination that he practiced the profession fraudulently *(see,* Education Law § 6509 [2]) and engaged in unprofessional conduct *(see,* Education Law § 6509 [9]; 8 NYCRR former 29.3, as added Aug. 2, 1977). We cannot agree. It is well settled that in a proceeding such as this, our inquiry is limited to whether the determination of petitioner's guilt by a preponderance of the evidence is fully supported by substantial evidence in the record *(see generally, Matter of Carrera v Sobol,* 163 AD2d 706, 708, *affd* 77 NY2d 931). Based upon our review of the record as a whole, we are persuaded that the determination at issue here is supported by substantial evidence and, as such, must be confirmed.

With respect to the finding that petitioner practiced the profession fraudulently, the record before us supports the determination that petitioner intentionally misrepresented a material fact in practicing his profession *(see, Matter of Lobacz v Sobol,* 171 AD2d 174, 176). Petitioner placed his seal upon two separate certification of completed inspection forms. Each form clearly states that it is to be completed by the registered architect or professional engineer retained to perform the inspections, and Paul Dinatale, the Deputy Borough Superintendent for the New York City Department of Buildings, testified that the statement "I have made a reasonable number of inspections during the progress of the work and upon completion" means that the registered architect or professional engineer visited the site, inspected the site and found it to be in compliance with all applicable codes and regulations. Here, it is undisputed that petitioner did not personally inspect either of the two projects at issue, and although the projects were inspected by Lawrence Stamp,

Stamp was neither a registered architect nor a professional engineer, a fact of which petitioner was well aware. Accordingly, by placing his seal upon the respective forms, petitioner affirmatively and intentionally misrepresented a material fact in practicing his profession—namely, that he did in fact perform the required inspections on both projects.*

We reach a similar conclusion with respect to the finding that petitioner engaged in unprofessional conduct within the meaning of 8 NYCRR former 29.3 (a) (3) which provided, in relevant part, that: "Unprofessional conduct shall * * * include * * * certifying by affixing the licensee's seal to work not performed by the licensee or under the licensee's direct supervision, or to which the licensee has not given his or her written professional evaluation." Other than the conclusory and self-serving testimony of petitioner and Stamp, there simply is not sufficient evidence to support petitioner's claim that Stamp performed the required work under his *direct* supervision and, as such, we see no reason to disturb the determination in this record. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* To the extent that petitioner contends that there is no proof that he "intended" to mislead anyone by placing his seal upon these forms, we note that such intent may be inferred from the surrounding circumstances *(see, e.g., Matter of Berger v Board of Regents,* 178 AD2d 748, 750-751, *appeal dismissed* 79 NY2d 977, *lv denied* 80 NY2d 918, *cert denied* — US —, 113 S Ct 1815).