■ In the Matter of THOMAS D. REILLY, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. [672 NYS2d 495] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent which disciplined petitioner in his practice of engineering.

Respondent commenced this disciplinary proceeding against petitioner, a licensed professional engineer, alleging that petitioner engaged in unprofessional conduct in violation of Education Law § 6509 (9). The charges stem from an incident wherein petitioner reviewed, signed and sealed renovation plans prepared by another individual for a building located in the Town of Huntington, Suffolk County, and in so doing assertedly failed to compile and retain "a thorough written evaluation of the professional services represented by the documents" (8 NYCRR 29.3 [a] [3] [i]).

At the ensuing administrative hearing testimony was adduced from, among others, petitioner and a licensed architect appearing on behalf of the Office of Professional Discipline. Ultimately, the Hearing Panel found that petitioner had indeed violated 8 NYCRR 29.3 (a) (3) by failing to maintain a written evaluation for each of the drawings that he signed and sealed and, further, that the one evaluation he had prepared was deficient. As to the penalty, the Hearing Panel recommended that petitioner be fined $1,000 and placed on probation for a period of one year, during which time he would be required to, *inter alia*, complete a course on ethics for the design professions. Respondent adopted the Hearing Panel's findings and recommendations, prompting petitioner to commence this proceeding challenging that determination.

"It is well settled that in a proceeding such as this, our inquiry is limited to whether the determination of petitioner's guilt by a preponderance of the evidence is fully supported by substantial evidence in the record" (*Matter of Howe v Board of Regents*, 210 AD2d 541, 542). Inasmuch as the record contains ample evidentiary support for respondent's conclusion that petitioner failed to comply with the cited regulation, its determination must be confirmed.

Petitioner was charged with violating 8 NYCRR 29.3 (a) (3) (i), which provides, in relevant part, that: "[A] licensee who signs and seals documents not prepared by the licensee or by an employee under the licensee's direct supervision shall prepare, and retain for a period of not less than six years, a thorough written evaluation of the professional services represented by the documents, including but not limited to drawings, specifications, reports, design calculations and references to applicable codes and standards. Such written evaluation shall clearly identify the project and the documents to which it relates, the source of the documents and the name of the person or organization for which the written evaluation was conducted, and the date of the evaluation, and the seal and signature of the licensee shall also be affixed thereto". Although the record contains two sets of drawings, dated April 20, 1991 and June 3, 1991, respectively, each of which was signed and sealed by petitioner, he admittedly prepared only one evaluation, dated April 13, 1991. That evaluation does not bear petitioner's seal, as required, nor does it clearly identify the person or organization for which it was conducted. Hence, respondent's findings were not unwarranted.

Insofar as petitioner maintains that the Hearing Panel and respondent failed to take into consideration the limited purpose

for which the underlying plans allegedly were drawn—namely, to obtain rejection of a building permit application so that relief by way of a variance might then be secured from the State Board of Review—it suffices to note that this assertion is belied by the record. Extensive testimony was received on this point and, as evidenced by the Hearing Panel's report, petitioner's argument was considered and rejected. Moreover, given that the plans themselves do not reflect the fact that they were intended or certified for a limited purpose, respondent's resolution of this issue was not unreasonable. Petitioner's remaining contentions, including his suggestion that the penalty imposed is disproportionate to the underlying offense, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.