In the Matter of PETER A. CHIDICHIMO, Petitioner, v STATE EDUCATION DEPARTMENT et al., Respondents. [673 NYS2d 259] —Graffeo, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which suspended petitioner's license to practice physical therapy in New York for one year.

Petitioner, a physical therapist, was charged by respondent

State Education Department's Office of Professional Discipline with several instances of unprofessional conduct involving two female patients. The charges alleged that petitioner had abused two female patients by, *inter alia*, inappropriately fondling their breasts. Following a hearing, the State Board for Physical Therapy (hereinafter Hearing Panel) found that petitioner had engaged in unprofessional conduct and recommended that his license to practice physical therapy be suspended for one year on each charge, but that the execution of the suspension be stayed and petitioner placed on probation for one year in accordance with various conditions. The Regents Review Committee, with some exceptions, accepted the findings and conclusions of the Hearing Panel, as well as the recommendation as to the penalty to be imposed. Thereafter, respondent Board of Regents accepted the Regents Review Committee's recommendations as to petitioner's guilt and penalty and the Commissioner of Education issued an order to that effect. Petitioner commenced this CPLR article 78 proceeding, contending that the determination of his guilt is not supported by substantial evidence.

We disagree. The record established that both patients sought physical therapy for back problems they were experiencing. The patients testified that petitioner "touched" or "felt around and under" their breasts during their physical therapy sessions. Notably, neither patient complained of chest pains. Both patients discussed the incidents with family or friends and reported it to the police soon thereafter. Although petitioner denied any inappropriate conduct, we note that it is within the exclusive province of the Hearing Panel and Board of Regents to resolve credibility issues (*see, Matter of Bassim v Sobol*, 178 AD2d 787, 788, *appeal dismissed, lv denied* 79 NY2d 941; *Matter of Lee v Ambach*, 111 AD2d 522, *lv denied* 67 NY2d 604). Despite the fact that neither patient used the word "fondle" in describing petitioner's conduct, given their testimony we conclude that substantial evidence supports the Board's finding regarding the nature of petitioner's misconduct (*see, Matter of Gross v De Buono*, 223 AD2d 789; *Matter of Morrissey v Sobol*, 176 AD2d 1147, 1148, *lv denied* 79 NY2d 754). We conclude that substantial evidence in the record supports the determination of petitioner's guilt and, accordingly, confirm.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.