■ In the Matter of EDITH KING, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [735 NYS2d 218] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which suspended petitioner from employment without pay for a period of one month.

On or about December 14, 1999, petitioner, a secretary in the main school at one of respondent's correctional facilities, obtained her supervisor's signature on a time off request form authorizing her to take personal leave from work on December 15, 1999. Later on December 14, 1999, petitioner claims, she informed her supervisor that she needed the personal leave on the following payday, December 29, 1999, and received his permission to alter the time off request form to reflect that date change. Petitioner's absence from work on December 29, 1999 was questioned by a Deputy Superintendent and, as a result of his ensuing investigation, this disciplinary proceeding was commenced pursuant to Civil Service Law § 75 by service of a notice and statement of charges dated March 16, 2000. Charge one alleges that petitioner "submitted an altered time off slip" indicating approval to take five hours of personal leave

time on December 29, 1999 and falsely asserting that she had received prior approval from her supervisor. Charge two alleges that petitioner left her duty station and the facility without proper authorization or permission.

At the ensuing hearing, petitioner's supervisor, Steve Bruso, testified that he had no recollection of signing a time off slip for petitioner prior to the Christmas 1999 break.[1] However, Bruso did prepare a memorandum for the Deputy Superintendent dated January 11, 2000 which read:

"I did not sign a time off slip for December 29, 1999 for [petitioner]. I did sign a slip for December 15, 1999, but did not give [petitioner] permission to alter the slip, nor did she ask permission to alter the slip.

"This has been submitted for your information."

The Hearing Officer's written decision recommended that petitioner be found guilty of both charges and suspended without pay for a period of one month. In arriving at his recommendation, the Hearing Officer concluded that he was "not limited to comparing [the Deputy Superintendent's] lack of any direct knowledge of the events of December 14th, Bruso's present inability to recall the events of December 14, 1999, and * * * [the] clear and positive recall[2] of the events of that day [by petitioner's witness]." Rather the Hearing Officer determined that he "must also include Bruso's clear and definitive response of 'Yes sir,' to the question 'Is [the January 11, 2000 memo] an accurate document?' and the contents of the document itself on the basis of the doctrine of Past Recollection Recorded." The Hearing Officer's recommendations were adopted by respondent and petitioner now challenges that determination in this CPLR article 78 proceeding.

In these types of proceedings, it is beyond cavil that our inquiry is limited to whether the administrative determination is supported by substantial evidence (*see, Matter of Reilly v Board of Regents*, 250 AD2d 884, 885; *Matter of State of New York Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19, 22). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

---

**1.** When asked when Christmas break was, petitioner's supervisor testified, "I am going to guess someplace around December 23rd or 24th, just before Christmas."

**2.** Petitioner's witness testified that he was present on December 14, 1999 when petitioner asked for and received her supervisor's permission to change her time off slip from December 15, 1999 to December 29, 1999.

The January 11, 2000 memo, received in evidence without objection, provides substantial evidence to support respondent's determination that petitioner was guilty of both charges. While we question the reliability of the memo made 28 days after the event (*see, People v Taylor*, 80 NY2d 1, 8; *People v Dillenbeck*, 115 AD2d 331, 331-332, *lv denied* 67 NY2d 650) and acknowledge that the testimony of petitioner's witness would support a contrary conclusion, the duty of weighing the evidence and making credibility determinations rests solely with the administrative agency and not with this Court (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 444; *Matter of Collins v Codd*, 38 NY2d 269, 270-271; *Matter of Stork Rest. v Boland*, 282 NY 256, 267).

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.