■ In the Matter of CINDY M. KING, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [743 NYS2d 206] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Health which found that petitioner engaged in behavior constituting patient abuse and patient neglect.

After a hearing pursuant to Public Health Law § 2803-d, respondent Commissioner of Health (hereinafter respondent) sustained charges of patient abuse and neglect against petitioner, a certified nurse's aide, for forcibly grabbing the arm of an elderly skilled nursing facility resident and pulling her from her bed. In this CPLR article 78 proceeding to review the determination, petitioner claims that the charges were not proven by a preponderance of the evidence, that respondent erred in relying on hearsay evidence, that petitioner was merely following her supervisor's order and that she was prejudiced by excessive delay in the administrative process. We find no merit to any of petitioner's claims.

In *Matter of Miller v DeBuono* (90 NY2d 783), upon which petitioner relies, the Court of Appeals held that the standard of proof to be applied by respondent in a hearing pursuant to Public Health Law § 2803-d is whether "the allegation of patient abuse was substantiated by a fair preponderance of the evidence" (*id.* at 794). It is clear from the record that respondent applied this standard of proof in sustaining the charges against petitioner. In this proceeding to review respondent's determination, issues of witness credibility and the weight to be accorded the evidence are outside the scope of our review (*see, Matter of Kirschner v Mills*, 274 AD2d 786, 789). Accordingly, our review " 'is limited to whether the determination [based on] a preponderance of the evidence is fully supported by substantial evidence in the record' " (*Matter of Weisenthal v New York State Bd. of Regents*, 249 AD2d 712, 713, *lv denied* 92 NY2d 808, quoting *Matter of Howe v Board of Regents of Univ. of State of N.Y.*, 210 AD2d 541, 542; *see, Matter of Kirschner v Mills, supra* at 789).

We reject petitioner's claim that where, as here, the standard of proof is a fair preponderance of the evidence, respondent could not rely on hearsay evidence (*see*, *Matter of Vincent KK. v State of New York Off. of Children & Family Servs.*, 284 AD2d 777). In light of the scope of our review, our concern is not the hearsay nature of the evidence, but whether it is sufficiently relevant and probative to constitute substantial evidence (*see*, *Matter of Ribya BB. v Wing*, 243 AD2d 1013, 1014). The patient who complained about petitioner's abusive conduct died prior to the hearing. However, the affidavit she gave to an investigator was introduced at the hearing and several facility staff members testified about the patient's description of the incident to them. We reject petitioner's claim that the patient was so inherently unreliable that respondent was precluded from crediting her version of the incident (*see generally*, *Matter of Deleon v Goord*, 291 AD2d 607). The affidavit and the patient's statements to others were generally consistent, the patient was described as alert and coherent at the time of the incident, and the patient's description of the incident was corroborated by petitioner's testimony in many important respects, including the patient's reluctance to get out of bed, the reason therefor and the patient's struggle to resist petitioner's efforts to "assist" her in getting out of bed.

The only real conflict between the patient's version of the incident and petitioner's testimony is petitioner's denial of the patient's claim that she grabbed the patient's arm and pulled her out of bed. According to petitioner, she merely placed her hand behind the patient's back as the patient sat up in bed. There were bruises on the patient's arm, however, which knowledgeable witnesses described as consistent with the patient's description of the incident. There was also evidence that petitioner admitted grabbing or placing her hand around the patient's arm, although there was also evidence that she made no such admission. Resolution of the credibility issue created by the conflicting evidence was a matter for respondent (*see, e.g.*, *Matter of Richstone v Novello*, 284 AD2d 737) and, in our view, the evidence in the record, both hearsay and non-hearsay, was sufficiently relevant and probative to provide substantial evidence to support respondent's determination.

With regard to petitioner's claim that she was following her supervisor's order, there is nothing in the record to demonstrate that the supervisor directed petitioner to use physical force to rouse the patient, who was capable of getting out of bed and dressing herself. In any event, petitioner was well aware of the patient's rights and the need to avoid using phys-

ical force. Petitioner's claim of prejudicial delay was not raised at the hearing and, therefore, was not preserved for our review (*see, Matter of Choe v Axelrod*, 141 AD2d 235, 239). In any event, the claim lacks merit. Accordingly, there is no basis to disturb the determination.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.