■ In the Matter of ADRIAN P. WIZES, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK et al., Respondents. [822 NYS2d 828]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which revoked petitioner's license to practice dentistry in New York.

Petitioner, a dentist licensed to practice in New York, was charged with 11 specifications of unprofessional conduct by the State Education Department Office of Professional Discipline, the majority of which involved the alleged harassment, intimidation and sexual abuse of four infant female patients. Following

six days of evidentiary hearings, the State Board of Dentistry found petitioner guilty of nine misconduct specifications and recommended that his license be revoked. Following the acceptance by respondent Board of Regents (hereinafter Board) of the findings, determination and penalty imposed, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination, alleging that the findings of his guilt are not supported by substantial evidence and that the penalty imposed was arbitrary and capricious.

It is well settled that the standard of review of determinations of this kind is limited to whether the Board's determination is supported by substantial evidence (*see Matter of Kirschner v Mills*, 274 AD2d 786, 789 [2000]). Further, the assessment and resolution of conflicting evidence and witness credibility are within the province of the administrative agency (*see id.* at 789).

The evidence in support of the specifications of which petitioner was found guilty comes largely from the four patients who each claim that during treatment, petitioner made inappropriate and sexually suggestive comments and engaged in sexual contact with them without apparent medical justification. Petitioner denied each claim and offered testimony of former dental assistants, the substance of which was that petitioner was never observed to have engaged in any inappropriate conduct or heard to have made sexually suggestive or intimidating comments. Despite some inconsistencies in the testimony of each patient, the patients' respective detailed descriptions of petitioner's conduct, combined with the prompt reporting of these incidents, constitute substantial evidence and supports the Board's resolution of issues of fact (*see Matter of Slakter v DeBuono*, 263 AD2d 695, 697 [1999]; *Matter of Tames v De-Buono*, 257 AD2d 784, 786 [1999]). Moreover, issues of credibility are within the Board's exclusive province unless the evidence fails to meet the requisite standard (*see Matter of Slakter v DeBuono, supra* at 697; *see also Matter of Chidichimo v State Educ. Dept.*, 250 AD2d 1010, 1011 [1998]). Given the Board's conclusion that petitioner engaged in the conduct as alleged, we find no error in the Board's determination that petitioner violated the terms of probation previously imposed upon him in 1998.

We reject petitioner's contention that the revocation of his license to practice dentistry was arbitrary and capricious and an abuse of discretion. Penalties imposed as a result of this type of administrative proceeding will not be disturbed unless so disproportionate to the offense as to shock one's sense of fair-

ness (*see Matter of Genco v Mills*, 28 AD3d 966, 967 [2006]). We have consistently held that misconduct of a sexual nature with a patient warrants the ultimate penalty of revocation (*see Matter of Slakter v DeBuono, supra* at 698). Accordingly, we find no basis upon which to disturb the penalty imposed, particularly in view of petitioner's prior probationary status which, at a minimum, required that he comply with all standards of professional conduct.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.