■ In the Matter of THOMAS AHNEMAN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. [865 NYS2d 781]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law § 6510 [5]) to review a determination of respondent Board of Regents which annulled petitioner's land surveyor license in New York.

Respondent Board of Regents (hereinafter respondent) annulled petitioner's New York land surveyor license after determining that he had fraudulently obtained it by knowingly

misrepresenting the nature and extent of his surveying experience in a Report of Professional Experience (hereinafter RPE) relating to his former employment at S.E. Minor & Company. This proceeding by petitioner ensued.

Our review of respondent's determination of professional misconduct, which must be based upon a preponderance of the evidence (*see* Education Law § 6510 [3] [c]), is limited to whether the ruling is supported by substantial evidence (*see Matter of Kirschner v Mills*, 274 AD2d 786, 789 [2000]; *Matter of Cohen v Mills*, 271 AD2d 826, 827 [2000]; *Matter of Reilly v Board of Regents of Univ. of State of N.Y.*, 250 AD2d 884, 885 [1998]). In addition, we will defer to the Board's resolution of conflicting evidence and questions of witness credibility (*see Matter of Kirschner v Mills*, 274 AD2d at 789; *Matter of Abraham v Board of Regents of State of N.Y.*, 216 AD2d 812, 813 [1995]).

Here, petitioner certified that the experience listed in the S.E. Minor RPE was true, he solicited a licensed land surveyor to endorse the RPE and the RPE was necessary in order to meet the prerequisites for licensing (*see* Education Law § 7206-a [1] [3]). The evidence at the hearing, however, established that petitioner did not have the surveying experience claimed in the RPE. Referring to the projects listed there, the partner who had been in charge of surveying for S.E. Minor during the relevant time period testified that petitioner had performed no land surveying work while employed at S.E. Minor and that other surveyors had performed the work claimed by petitioner. In addition, the surveyor who endorsed the RPE testified that he had not worked with petitioner at S.E. Minor, had no personal knowledge of petitioner's work there and had endorsed the RPE based solely on petitioner's representation that petitioner had performed the surveying work listed.

In his own testimony, petitioner stated that, due to conflicts with the officers of S.E. Minor, he knew that no one at the firm would endorse his work. As respondent's findings noted, however, petitioner failed to follow the prescribed procedure when an applicant is unable to obtain an endorsement from the employer and, instead, he solicited an unqualified endorser. Deferring to respondent's assessment of witness credibility, we conclude that the record supports its findings that petitioner did not have any of the surveying experience claimed in the S.E. Minor RPE, and that he knew that he did not have the claimed experience. In addition, in light of the specification in the Land Surveying Handbook that the endorser of an RPE should be the immediate supervisor or "another person you worked with who

is sufficiently knowledgeable about your work to attest to the accuracy of your experience description," respondent rationally concluded that petitioner knew that the endorser of the S.E. Minor RPE had no personal knowledge of petitioner's experience and was, therefore, unqualified.

In addition, there was evidence at the hearing concerning two other RPEs relating to petitioner's employment as an engineer in his family's firm of Ahneman Associates. As to those RPEs, however, petitioner's father and brother testified that petitioner had done no land surveying work while employed as an engineer at Ahneman Associates. Also, the surveyor who endorsed the Ahneman Associates RPEs testified that petitioner had taken credit for work that the endorser performed and had assured him that taking credit for each other's work was a permissible practice. Further, there was evidence that the endorser could not have had personal knowledge of all of the work listed in those RPEs because some of the work occurred before and after the endorser was employed at Ahneman Associates. The testimony concerning those RPEs provided a further demonstration of petitioner's fraudulent intent, which could be inferred from all of the circumstances surrounding his application (*see Matter of Howe v Board of Regents of Univ. of State of N.Y.*, 210 AD2d 541, 543 n [1994]).

Petitioner's remaining contentions have been considered and found to be unavailing (*see Matter of Tong Seng Tjoa v Fernandez*, 194 AD2d 938, 941 [1993], *lv denied* 82 NY2d 659 [1993]; *Matter of Cohen v Mills*, 271 AD2d at 828-829).

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.