# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**37**

**TP 16-01253**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TODD SPRING, PETITIONER,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF HEALTH AND
HOWARD A. ZUCKER, M.D., J.D., AS COMMISSIONER
OF NEW YORK STATE DEPARTMENT OF HEALTH,
RESPONDENTS.

---

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO
OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE
OF COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered April 26, 2016) to review a determination of respondents. The determination found that petitioner had committed an act of mistreatment in violation of 10 NYCRR 81.1 (b) and that petitioner engaged in retaliation in violation of Public Health Law § 2803-d (8) and 10 NYCRR 81.8.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination of the Commissioner of the New York State Department of Health, who concluded that petitioner committed an act of mistreatment in violation of 10 NYCRR 81.1 (b) and engaged in retaliation in violation of Public Health Law § 2803-d (8) and 10 NYCRR 81.8. Our review of the determination, which adopted the findings of the Administrative Law Judge (ALJ) who conducted a hearing, is limited to the issue whether the determination, based upon a preponderance of the evidence, is supported by substantial evidence (*see Matter of King v New York State Dept. of Health*, 295 AD2d 743, 743). "The assessment of credibility by the ALJ . . . is 'unassailable,' and the determination must be confirmed if the testimony credited by the ALJ provides substantial evidence to support it" (*Matter of Monti v New York State Div. of Human Rights*, 132 AD3d 1263, 1264). In view of that standard, we conclude that substantial evidence supports the determination that petitioner committed an act of mistreatment and engaged in retaliation. We have examined

petitioner's remaining contentions and conclude that they are without merit.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court